IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS COTTO, | ) | |
|     Petitioner, | ) | Civil Action No. 10-99 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JOHN MURRAY, et al., | ) | |
|     Respondents. | ) | |

**OPINION AND ORDER**[1]

**I.**     **Introduction**

Petitioner Luis Cotto is a state prisoner serving a judgment of sentence imposed by the Court of Common Pleas of Erie County on July 3, 2006. Pending before the Court is his Petition For Writ Of Habeas Corpus [ECF No. 5], which he has filed pursuant to 28 U.S.C. § 2254. He claims that his trial counsel was ineffective for failing to investigate potential defense witnesses and the victim's medical records in order to gather evidence that would have proved his innocence. He asserts that counsel's ineffectiveness left him with no choice but to enter a plea. Also pending before the Court are Petitioner's motions to expand the record [ECFR No. 14] and motion for an evidentiary hearing [ECF NO. 15].

For the reasons that follow, the petition and the motions are denied.

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

## II. Relevant Background[2]

On July 21, 2005, a Criminal Information was filed against Petitioner charging him with the following crimes: three counts of Involuntary Deviate Sexual Intercourse With a Child; one count of Aggravated Indecent Assault of a Child; and one count of Corruption of Minors. Petitioner was accused of having penetrated the vagina and anus of I.M. (his girlfriend's eight-year-old daughter) with his tongue, finger and/or penis, and also with placing his penis in I.M.'s mouth. The abuse was alleged to have started in the fall of 2004 and to have continued until March of 2005. Upon learning of I.M.'s trip to the Child Advocacy Center to report the sexual abuse, Petitioner allegedly threatened to "snap her neck like a chicken." (CP Dkt. No. 37, Commonwealth v. Cotto, No. 1769 of 2005, slip op. at p. 1 (C.P. Erie Sept. 15, 2006)).

The Common Pleas Court appointed Assistant Public Defender Bruce Sandmeyer, Esq., to represent Petitioner. On March 14, 2006, Petitioner pleaded *nolo contendere* to three counts of Involuntary Deviate Sexual Intercourse With a Child. In exchange for Petitioner's plea, the Commonwealth *nolle prossed* the remaining counts. On July 3, 2006, the court sentenced him to an aggregate sentence of 15-35 years in prison, followed by 20 years of probation.

Petitioner filed an appeal with the Superior Court of Pennsylvania in which he argued that his sentence was excessive. Appellate review of sentences is governed by 42 Pa.C.S. § 9781, which provides that there is no absolute right to appellate review of the discretionary aspects of a sentence. Rather, allowance of an appeal raising such a claim will be granted only when the appellate court with initial jurisdiction over such claims, which in Petitioner's case was the Superior Court, determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. See

---

[2] Respondents have submitted the Common Pleas Court's file and all relevant transcripts. That court's file contains documents numbered 1 through 56 and shall be cited to as "CP Dkt. No. __ ."

2

42 Pa.C.S. § 9781(b). (See also CP Dkt. No. 43, Commonwealth v. Cotto, No. 1495 WDA 2006, slip op. at p. 2 (Pa.Super. Apr. 11, 2007), citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa.Super. 2001) and Pa.R.A.P. 2119(f)).

On April 11, 2007, the Superior Court issued a Memorandum in which it denied the petition for allowance of appeal because it determined that Petitioner failed to raise a substantial question that his sentence was inappropriate. (CP Dkt. No. 43, Cotto, No. 1495 WDA 2006, slip op. at pp. 1-5). Petitioner did not file a petitioner for allowance of appeal with the Supreme Court of Pennsylvania.[3] Accordingly, his judgment of sentence became final on May 11, 2007, the date on which the 30-day period to do so expired. Pa.R.A.P. 1113; Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On or around April 10, 2008, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (CP Dkt. No. 44), in which he raised the same claims that he raises in his federal habeas petition. The PCRA Court appointed William J. Hathaway, Esq., to represent Petitioner, and Hathaway subsequently filed a "no merit" letter in which he advised the court that in his opinion Petitioner's claims were frivolous. Hathaway further stated that the record bears no basis for Petitioner to legitimately challenge his plea proceeding. (CP Dkt. No. 46).

The Common Pleas Court permitted Hathaway to withdraw and it dismissed the PCRA motion. (CP Dkt. Nos. 46-50). Petitioner filed a *pro se* appeal. On April 30, 2009, the Superior Court issued a

---

[3] Pursuant to 42 Pa.C.S. § 9781(f), "[n]o appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals." Nevertheless, while the Pennsylvania Supreme Court lacks jurisdiction to consider challenges to the discretionary aspects of criminal sentences that the Superior Court has already reviewed, nothing in the Sentencing Code precludes the Supreme Court from reviewing the Superior Court's application of legal principles. Commonwealth v. Mouzon, 812 A.2d 617, 622 (Pa. 2002), citing Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996).

3

Memorandum in which it affirmed the denial of PCRA relief. (CP Dkt. No. 55, <u>Commonwealth v. Cotto</u>, No. 1216 WDA 2008, slip op. (Pa.Super. Apr. 30, 2009)).

On July 7, 2009, Petitioner executed for filing with this Court his first petition for writ of habeas corpus. That case was docketed as <u>Cotto v. Tennis</u>, 1:09-cv-168-SJM-SPB (W.D. Pa.). He submitted the petition with a motion to proceed *in forma pauperis*, which this Court denied because he had an average monthly balance of $56.43 in his prison bank account, which sum far exceeded the $5.00 filing fee required to commence a habeas action. Petitioner challenged that decision in an appeal with the U.S. Court of Appeals for the Third Circuit.

On March 26, 2010, the Third Circuit Court affirmed this Court's order denying Petitioner's motion to proceed *in forma pauperis*. It noted that: "Our ruling is without prejudice to [Petitioner's] right to refile his habeas petition with the $5.00 filing fee or resubmit it with another motion for leave to proceed IFP, as his circumstances may warrant."

On April 22, 2010, Petitioner resubmitted for filing the instant habeas petition [ECF No. 5], along with the $5.00 filing fee. The petition was docketed at this civil action number. The District Attorney of Erie County has filed the Response [ECF No. 11], to which Petitioner has filed a Reply [ECF No. 13].

### B. Discussion

#### 1. The Petition Is Untimely

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132,

4

110 Stat. 1214, April 24, 1996 ("AEDPA"). AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254, be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[4] It also provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

As set forth above, Petitioner's judgment of sentence became final on May 11, 2007; therefore, the one-year period for filing his federal habeas petition began to run on that date. He filed his PCRA motion on April 10, 2008. Pursuant to § 2244(d)(2), Petitioner's PCRA motion statutorily tolled AEDPA's statute of limitations on that date. At that point, 333 days had expired from AEDPA's limitation period. Thus, when his PCRA proceedings finished, Petitioner would have 32 days to file a timely habeas petition.

On April 30, 2009, the Superior Court issued its Memorandum in which it affirmed the PCRA Court's decision denying post-conviction relief. Petitioner had 30 days (until Monday, June 1, 2009) in which to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. The PCRA proceeding is deemed to be pending during that time and therefore AEDPA's limitations period continued to be tolled through June 1, 2009. See, e.g., Swartz, 204 F.3d at 419-20. After that date, the limitations period began to run again, and Petitioner, having 32 days remaining before the statute of limitations expired, had until Monday, July 4, 2009, to file a timely federal habeas petition with this Court.

---

[4] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. His petition for writ of habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). He has not asserted that his claims are based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

Petitioner did not initiate proceedings with this Court until, at the very earliest, July 7, 2009, when he executed for filing his first habeas petition at Cotto v. Tennis, 1:09-cv-168-SJM-SPB (W.D. Pa.).[5] Therefore, Petitioner's claims are untimely and they are denied for that reason.

### 2. Petitioner's Claims Have No Merit

In the alternative, Petitioner's claims also are denied because they have no merit. Since the Superior Court adjudicated them on the merits, this Court's analysis of them is governed by AEDPA's standard of review, which modified "a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

In relevant part, as codified at 28 U.S.C. § 2254(d)(1), AEDPA restricts a federal court's authority to grant relief when, as is the case here, the state court has "adjudicated on the merits" the petitioner's federal constitutional claims. In such cases, federal habeas relief may only be granted when the state court's adjudication "resulted in a decision that was contrary to,[6] or involved an unreasonable

---

[5] Recently, the U.S. Supreme Court held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, — U.S. —, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562. Petitioner does not assert that he is entitled to equitable tolling and has not directed the Court to anything in the record which indicates that its application would be appropriate in this case.

[6] "A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

6

application of,[7] clearly established Federal law, as determined by the Supreme Court of the United States[.]"  See also Williams, 529 U.S. at 405-06; Lambert, 387 F.3d at 234.

As the Supreme Court recently observed:

> If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  Cf. Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 786-87 (2011).  See also Wiggins v. Smith, 539 U.S. 510, 521 (2003) (it is not enough for a petitioner to show that the state court's adjudication of any of his claims was an "incorrect or erroneous" application of U.S. Supreme Court precedent); Waddington v. Sarausad, 555 U.S. 179, — , 127 S.Ct. 823, 831 (2009) (where it is the state court's application of governing federal law that is challenged, "the state court's decision must be shown to be not only erroneous, but objectively unreasonable.") (internal citations and quotations omitted); Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold").

---

[7] "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular…case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'"  Lambert, 387 F.3d at 234, quoting Williams, 529 U.S. at 407.

7

Under AEDPA, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S.Ct. at 786, quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). This means that "a habeas court must determine what arguments or theories supported or [when the state court summarily disposes of a claim] could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the [U.S. Supreme] Court." Id.

The "clearly established Federal law" for AEDPA purposes in which to analyze Petitioner's claims of ineffective assistance is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Petitioner first must show that his trial counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. The law presumes that his counsel was effective:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel's was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. at 689 (internal citations and quotations omitted). The Third Circuit Court has explained that it is "only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997), quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).

8

Strickland also requires Petitioner to demonstrate that he was prejudiced by his alleged deficient performance. "This requires showing that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In other words, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Superior Court applied the correct legal standard when it evaluated Petitioner's claims. (CP Dkt. No. 55, Cotto, No. 1216 WDA 2008, slip op. at p. 4, citing Commonwealth v. Stevens, 739 A.2d 507, 512 (Pa. 1999)). See also Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999) (legal standard for evaluating ineffective assistance claims in a PCRA proceeding is the same as the federal Strickland standard). Therefore, its adjudication of his claims satisfies review under the "contrary to" clause of § 2254(d)(1). See Williams, 529 U.S. at 406.

Thus, the only remaining questions for this Court to decide is whether the Superior Court's adjudication of Petitioner's claims was an "unreasonable application of" Strickland. 28 U.S.C. § 2254(d)(1). In conducting this analysis the Court is cognizant that:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [Strickland, 466 U.S.] at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [Knowles v. Mirzayance, 556 U.S. at —, 129 S.Ct. 1411, 1420 (2009)]. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington, 131 S.Ct. at 788.

Petitioner contends that his counsel was ineffective for failing to interview potential defense witnesses and for failing to investigate medical records for evidence that may have exonerated him (specifically, to inquire into whether there was any DNA evidence to show that the victim was not sexually assaulted). In denying these claims, the Superior Court held:

> Appellant fails to support his claims of ineffectiveness; he neither identifies what witnesses should have been interviewed nor refers to any medical records or other evidence to support his claim regarding DNA testing. Claims of ineffectiveness cannot be raised in a vacuum. Commonwealth v. Thomas, 783 A.2d 328, 333 (Pa. Super. 2001). "This Court will not consider claims of ineffectiveness without some showing of a factual predicate upon which counsel's assistance may be evaluated." Id. (citation omitted). Thus, Appellant's claims amount to no more than "bare assertions" that provide no basis for a conclusion that counsel was ineffective. Id.

(CP Dkt. No. 55, Cotto, No. 1216 WDA 2008, slip op. at p. 6).[8] This adjudication by the Superior Court was a reasonable application of Strickland, which places the burden on the petitioner to support his claims of ineffectiveness. Therefore, Petitioner is not entitled to habeas relief under AEDPA.

Since Petitioner failed to support his allegations of ineffectiveness when he litigated his claims in state court, he now wants this Court to provide him with the opportunity to search the victim's medical records to see if he can find any evidence that may be exculpatory. Toward that end, in his motion to expand the record [ECF No. 14], which in actuality is a motion for discovery, he requests access to those records.

Because of the nature of federal habeas corpus, the expansive construction of relevance in civil cases – to embrace all information "reasonably calculated to lead to the discovery of admissible

---

[8] Before this Court, Petitioner identifies the following individuals that he claims his counsel should have interviewed: Nelly Guevara, Glendaliz Cotto, Jonathan Cotto, Evelyn Rodriguez, and the victim's mother, H.C. [ECF No. 14 at p. 4]. He claims these witnesses would have supported a defense of innocence. Because he never presented these names to the state courts, this Court may not consider them in reviewing his claim. The U.S. Supreme Court "ha[s] made clear that whether a state court's decision was unreasonable must be assessed in light of the record the [state] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004) (per curiam), citing Yarborough v. Gentry, 540 U.S. 1, 6 (2003) (per curiam) (denying relief where state court's application of federal law was "supported by the record"); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's finding assessed "in light of the record before the court"); Bell, 535 U.S. at 697 n.4 (declining to consider evidence not presented to state court in determining whether its decision satisfied § 2254(d)'s standard of review);

10

evidence," as specified in Federal Rule of Civil Procedure 26(b)(1) – is not appropriate. See Harris v. Nelson, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) ("petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence). Rather, discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases In The U.S. District Court only by leave of court upon a showing of good cause. A showing of good cause is made "where *specific allegations before the court* show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." Bracey v. Gramley, 520 U.S. 899, 908-09 (1997) (emphasis added), quoting Harris, 394 U.S. at 300. See also Deputy, 19 F.3d at 1493; Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991) ("bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery"); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (same).

Petitioner has no idea whether the victim's medical records contain any information that may have been of assistance to his defense. He simply wants to go on a "fishing expedition" to see if the records contain any information to support his assertion that he is innocent. Because he has failed to make the requisite good cause showing for discovery, his motion [ECF No. 14] is denied.

Petitioner also contends that he is entitled to an evidentiary hearing, and in support he relies upon Townsend v. Sain, 372 U.S. 293 (1963). [ECF No. 16 at p. 2]. Petitioner's reliance on Townsend is misplaced. In it, the U.S. Supreme Court enunciated standards regarding when a district court was required to conduct a federal habeas evidentiary hearing. That decision was superseded by AEDPA, which significantly amended the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254,

11

and it applies to all habeas petitions filed after its effective date of April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).[9]

Under AEDPA, "a habeas court is barred [under § 2254(e)(2) (as amended)] from holding an evidentiary hearing unless the petitioner was diligent in his attempt to develop a factual basis for his claim in the state court proceedings[.]" Palmer, 592 F.3d at 392, citing Williams, 529 U.S. at 430 and Wilson v. Beard, 426 F.3d 653, 665 (3d Cir. 2005).[10] "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." Id., quoting Schriro, 550 U.S. at 473 and citing Campbell, 209 F.3d at 287("AEDPA, unlike Townsend and [Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992)], does not require that such a hearing be held. Instead, federal courts have discretion to grant a hearing or not."). In deciding whether to exercise that discretion, the district court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief" under AEDPA's standards of review.

---

[9] As the Third Circuit Court recently explained, prior to AEDPA "evidentiary hearings [in habeas cases] were *required* in several circumstances." Palmer v. Henricks, 592 F.3d 386, 392 (3d Cir. 2010), quoting Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000) (emphasis in original), which cited Townsend, 372 U.S. at 313. "AEDPA in contrast *permits* evidentiary hearings on habeas review, but only in a limited number of circumstances." Id., quoting Cambell, 209 F.3d at 289 (emphasis in original) and 28 U.S.C. § 2254(e) (as amended by AEDPA). See also Williams v. Taylor, 529 U.S. 420, 429-45 (2000); Lewis v. Horn, 581 F.3d 92, 104-05, 109 n.11, 117 (3d Cir. 2009), cert. denied sub nom. 131 S.Ct. 105 (2010).

[10] As amended by AEDPA, § 2254(e)(2) now provides,

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner does not satisfy the criteria set forth in § 2254(e)(2)(A) and (B).

12

Schriro, 550 U.S. at 474 (citation omitted); Palmer, 592 F.3d at 393, quoting Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) ("bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing.").

Petitioner's request for an evidentiary hearing is denied. First, the Court is statutorily barred from having a hearing because he was not diligent in developing evidence during the PCRA proceeding. See, e.g., Williams, 529 U.S. at 435 (the purpose of § 2254(e)(2) is "to ensure the prisoner undertakes his own diligent search for evidence"); Lewis, 581 F.3d at 104-05 (reiterating that if the failure to develop the record is attributable to the petitioner, AEDPA prohibits an evidentiary hearing in federal court; and, denying petitioner's request for a hearing on one of his habeas claims even though the state court had refused to grant him a hearing on it); Taylor v. Horn, 504 F.3d 416, 435-37 (3d Cir. 2007) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."). For example, Petitioner now states that he wants to present testimony from Nelly Guevara, Glendaliz Cotto, Jonathan Cotto, Evelyn Rodriguez, and the victim's mother, H.C., but he failed to identify these individuals to the state court and also failed to submit affidavits by any of them to show what testimony they could provide to advance his claims.[11]

Second, even if this Court were to assume that AEDPA's statutory bar to an evidentiary hearing does not apply, this Court would still, in an exercise of its discretion, deny Petitioner's request for one.

---

[11] The Pennsylvania Rules of Criminal Procedure require that a petitioner must assert "the facts supporting each ground" for relief in his PCRA petition. Pa.R.Crim.P. 902(A)(12) (formerly Rule 1502(A)(12)). The Rules further provide that when the facts supporting a ground for relief "do not appear in the record," the petitioner must identify "any affidavits, documents, and other evidence showing such facts." Id. Additionally, the Rules require that a petitioner "shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached." Pa.R.Crim.P. 902(D) (formerly Rule 1502(D)).

13

He has not submitted the affidavits of any witnesses he would call to testify. Therefore, he has failed to show that a hearing could enable him to prove the petition's factual allegations or that there are any genuine issues of disputed fact.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the petition should be denied. Accordingly, a certificate of appealability is denied.

### III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is denied and a certificate of appealability is denied. Petitioner's pending motions [ECF Nos. 14, 15] also are denied. An appropriate Order follows.


Dated: March 24, 2011
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS COTTO, | ) | |
|     Petitioner, | ) | Civil Action No. 10-99 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JOHN MURRAY, et al., | ) | |
|     Respondents. | ) | |

## **ORDER**

AND NOW, this 24th day of March, 2011;

IT IS HEREBY ORDERED that the Petition For Writ Of Habeas Corpus is DENIED and a certificate of appealability is DENIED. It is FURTHER ORDERED that Petitioner's Motion to Have Record Expanded [ECF No. 14] and Motion For an Evidentiary Hearing [ECF No. 15] are DENIED.

The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge